Filed 7/27/15  P. v. Samyuth CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B261660 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA263569) |
| v. | |
| ROBERT SAMYUTH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Robert Samyuth appeals from a postjudgment order denying his petition for recall of sentence pursuant to Penal Code section 1170.126, enacted by the Three Strikes Reform Act of 2012. We affirm.

In 2004, defendant was convicted of arson of property. (Pen. Code, § 451, subd. (d).) Defendant was sentenced as a third strike offender to an indeterminate prison term, in light of two prior serious felony convictions: attempted murder in case No. 93WF1578 (§ 187, subd. (a), § 664); and attempted robbery in case No. NA041884 (§ 211, § 664).

Following passage of the Three Strikes Reform Act, defendant filed a timely petition for recall of sentence pursuant to Penal Code section 1170.126. The trial court, on its own motion, appointed counsel to assist defendant in the processing of his petition. On January 20, 2015, the trial court issued its order denying defendant's petition on the grounds the current offense of arson on which defendant received his third strike sentence is an enumerated serious felony. (§ 1192.7, subd. (c)(14).) The serious felony status of the arson charge rendered defendant ineligible for resentencing under the statutory scheme.

Defendant filed a timely notice of appeal of the trial court's order. We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. Defendant has not filed a supplemental brief.

We have examined the entire record of the postjudgment proceedings submitted to this court, consisting of one volume of the clerk's transcript, and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any

colorable appellate issues exist.  We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The January 20, 2015 postjudgment order denying defendant's petition for recall of sentence is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

3